UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

MIGUEL PEREZ,

       Plaintiff,                                         10 CV 1402 (SJ) (MDG)

       v.

                                                        **MEMORANDUM &**
                                                        **ORDER**

HORNBECK OFFSHORE
TRANSPORTATION, LLC., et al.,
       Defendants.

--------------------------------------------------X

A P P E A R A N C E S

THE LANIER LAW FIRM, PLLC
6810 Fm 1960 West
Houston, TX 77069
By:    Charles F. Herd

126 East 56th Street, 6th Floor
New York, NY 10022
By:    David Kuttles
Attorneys for Plaintiff

KENNY, STEARNS & ZONGHETTI
26 Broadway
New York, NY 10004
By:    Gino A. Zonghetti
Attorneys for Defendants

JOHNSON, Senior District Judge:

       Plaintiff Miguel Perez seeks an order remanding this action to the Supreme

Court of the State of New York, Kings County and awarding attorneys' fees and

1

costs. Defendants Hornbeck Offshore Transportation, LLC and Energy Service Puerto Rico, LLC oppose and argue that remand is improper.[1] After reviewing the parties' arguments, the motion to remand is GRANTED and the request for attorneys' fees is DENIED.

**BACKGROUND**

Plaintiff, a resident of Puerto Rico, worked as a seaman aboard the M/V Sea Service located in Lake Erie near Toledo, Ohio. (Compl. ¶ 8.) Plaintiff asserts that he was ordered to move a stern tow line on the ship's deck to secure a commercial barge to the ship, despite the presence of a bow line usually used to secure the barge. (Compl. ¶¶ 11–12.) As a result, Plaintiff alleges, he injured his back so severely that he is unable to work. (Compl. ¶¶ 13–14.)

On March 5, 2010, Plaintiff filed suit in the Supreme Court of the State of New York, Kings County, asserting claims for negligence pursuant to the Jones Act, 46 U.S.C. § 30104 et seq., and unseaworthiness under general maritime law, and seeking maintenance and cure ("M&C"), punitive damages, and attorneys' fees.[2] (Compl. ¶¶ 15–35.) Defendants were served with a copy of the Summons and Complaint the same day. Defendants timely removed the action to federal court on

---

[1] Defendants offer no arguments in opposition to Plaintiff's request for attorneys' fees.
[2] "A Jones Act claim is an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members. Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea. A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 442 (2001) (citations omitted).

March 29, 2010, and filed an amended notice of removal on April 5, 2010. In their amended notice, Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and therefore that the action may be removed to this Court under 28 U.S.C. § 1441(b). (Am. Notice of Removal ¶ 4.) Defendants further allege that this Court has federal question and admiralty jurisdiction under 28 U.S.C. §§ 1331 and 1333, respectively, and that the case is removable under 28 U.S.C. §§ 1441(a)–(c), because Plaintiff joined his Jones Act claims with his maritime claims. (See id.) Plaintiff timely filed the instant motion to remand on April 22, 2010, arguing that Jones Act claims are not removable to federal court regardless of diversity of the parties, and that the joinder of Plaintiff's M&C claim to his Jones Act claim does not support removal absent federal question jurisdiction. (Mot. to Remand at 2–7.) Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Id. at 8–9.)

## DISCUSSION

**A. Motion to Remand**

After a defendant removes a case to federal court invoking its subject matter jurisdiction over the action, the plaintiff may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction. See Linardos v. Fortuna, 157 F.3d 945, 947

(2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."); Pan Atl. Grp., Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995) (removal jurisdiction). If there is doubt as to whether federal jurisdiction exists, remand is appropriate. See Pan Atl. Group, 878 F. Supp. at 638.

"Except as otherwise expressly provided by Act of Congress," removal is proper only if this Court would have had original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over those cases, inter alia, "arising under the Constitution, laws, or treaties of the United States," i.e., involving federal questions, id. § 1331, and over those cases involving citizens of different states when the amount in controversy exceeds $75,000, id. § 1332. If the district court has federal question jurisdiction, defendants may remove civil actions to federal court regardless of the parties' citizenship; for all other cases, removal is warranted only if no defendant is a citizen of the state in which the action is brought. See id. § 1441(b). Removal of cases also is permissible where "a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C.] § 1331 . . . is joined with one or more otherwise non-removable claims or causes of action." Id. § 1441(c).

Defendants first assert this Court's diversity jurisdiction under § 1332 to argue removability pursuant to § 1441(b). Even assuming that the parties are diverse under § 1332, removal is permissible "[e]xcept as otherwise expressly provided by

4

Act of Congress." See 28 U.S.C. § 1441(a). In this instance, Plaintiff raises claims under the Jones Act, which incorporates provisions of the Federal Employers Liability Act ("FELA") that preclude removal of actions filed in state court. See 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section."); 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad or its receivers or trustees, arising under [FELA] may not be removed to any district court of the United States."). The Supreme Court has stated that a Jones Act claim filed in state court "is not subject to removal to federal court even in the event of diversity of the parties." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001) (citing 28 U.S.C. § 1445(a), incorporated by reference into the Jones Act, 46 U.S.C. § 30104). Moreover, it is well established in the Second Circuit that claims for Jones Act negligence are not removable regardless of the citizenship of the parties. See Harrington v. Atl. Sounding Co., 602 F.3d 113, 120 (2d Cir. 2010) (classifying a Jones Act cases as "non-removable"); Nielson v. Weeks Marine, Inc., 910 F. Supp. 84, 87 (E.D.N.Y. 1995) ("Section 1445(a) . . . gives the plaintiff a personal privilege to bring his claim in state court without risking removal."). Because the Jones Act limits this Court's grant of original jurisdiction based on diversity, the action cannot be removed to this Court under § 1441(a). Cf. Banco de Santander Central Hispano, S.A. v. Consalvi Int'l Inc., 425 F. Supp. 2d 421, 426 n.4 (S.D.N.Y. 2007) (listing a Jones Act action as an example "where the federal court has original jurisdiction but

does not have removal jurisdiction"). Further, Section 1441(b) is not a ground for removal because it merely limits removal in diversity cases to cases where one of the defendants is not a resident of the state where the action is brought; it does not provide an independent grant of removal other than that granted by § 1441(a). See Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005) ("[S]ection 1441(b) is a rule of procedure and does not state a jurisdictional requirement.")

Defendants also fail to demonstrate this Court's federal question jurisdiction over Plaintiff's claims sufficient to invoke § 1441(c). According to Defendants, the case is removable under § 1441(c) because Plaintiff joined his non-removable Jones Act claims with his general maritime claims. Defendant's argument, however, incorrectly assumes that Plaintiff's maritime claims are "within the jurisdiction conferred by [§] 1331." 28 U.S.C. § 1441(c). Instead, federal courts have original jurisdiction over cases of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled[.]" Id. § 1333(1); Lewis, 531 U.S. at 440. The savings-to suitors-clause grants "in personam jurisdiction, concurrent with admiralty courts" and therefore "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." Lewis, 531 U.S. at 445 (citations omitted); see also Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 372 (1959) (stating the "unquestioned aim of the saving clause of 1789" was to preserve "the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters"). The Supreme Court refused to

expand the scope of federal question jurisdiction under 28 U.S.C. § 1331 to include admiralty claims "out of concern that saving to suitors actions in state court would be removed to federal court and undermine the claimant's choice of forum." Lewis, 531 U.S. at 455 (citing Romero, 358 U.S. at 371–72). In other words, Plaintiff's remaining claims do not invoke federal question jurisdiction in this case; therefore, § 1441(c) is not a basis for removal jurisdiction.

Defendants cite to California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 88 (2d Cir. 2004) ("California PERS") for the proposition that related claims do not have to invoke federal question jurisdiction in order to remove the case under § 1441(c). The issue in California PERS was whether the federal securities law's anti-removal provision (similar to the Jones Act's removal provision) precluded removal of actions "related to" a bankruptcy case under the bankruptcy removal statutes. See 368 F.3d at 90. The Second Circuit discussed the previous version of § 1441(c), which provided for removal "whenever a separate and independent claim . . . which would be removable if sued upon alone" is joined with other non-removable claims. Id. at 99 (citing § 1441(c) (1982)). After the 1990 amendments to § 1441(c), the Second Circuit noted, the statute "only permits removal of generally nonremovable claims when they are joined with a claim that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331." 368 F.3d at 99 n.13. Thus, "Section 1441(c) may only be invoked when a generally nonremovable claim is joined with a federal claim that is removable under Section

7

1441(a)." Id. at 105 n.18 (citing H.R. Rep. No. 734, 101st Cong., 2d Sess. § 109 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6869) (emphasis in the original). Such is not the case here, where Plaintiff asserts maritime claims that do not invoke § 1331 jurisdiction and that are subject to the savings to suitor clause of § 1333. Accordingly, Defendants have failed to sustain their burden to prove this Court's jurisdiction. See Pan Atl. Grp., 878 F. Supp. at 638.

**B. Request for Attorneys' Fees**

"An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring proper removal[.]" Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc., 183 F.3d 105, 109 (2d Cir. 1999). However, the removal statute does not require a finding of bad faith; instead, it gives the Court "'a great deal of discretion and flexibility . . . in fashioning awards of costs and fees.'" Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (quoting Morgan Guar. Trust Co. of N.Y. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992)). In Greenidge, attorneys' fees were assessed after the court granted Plaintiffs' motion to remand

because (1) removal to federal court complicated the relatively simple conversion claim Plaintiffs had filed in state court; and (2) Defendants' counsel, "an experienced maritime firm," should have known removal was improper because the remand was based on well-established principles of maritime law, including the saving to suitors clause of § 1333. 60 F. Supp. 2d at 12. Unlike the simple conversion claim in Greenidge, in this case Plaintiff filed several claims under the Jones Act and general maritime law. While Plaintiff is correct that Defendants' counsel here holds itself out as an experienced maritime firm,[3] the Court does not find that that counsel should have known removal was improper. Accordingly, the Court finds that an award of attorneys' fees is not warranted in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and request for attorney's fees is DENIED. This action is remanded to the Supreme Court of the State of New York, Kings County. The Clerk of Court is directed to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of

---

[3] See KENNY & ZONGHETTI, LLC, http://kennystearnszonghetti.com (last visited Apr. 27, 2011) ("With an emphasis on maritime litigation, including personal injury defense in Jones Act and Longshore & Harbor Worker's Compensation Act law suits, the firm prides itself as 'a beacon in the storm' for clients that demand unparalleled professional representation.") The Court takes judicial notice of the fact that Defendants' counsel was listed as Kenny, Stearns & Zonghetti in its opposition to Plaintiff's motion to remand.

Supreme Court of the State of New York, Kings County; terminate any pending motions; and close the case.

**SO ORDERED.**

Dated: April 28, 2011                         _____/s/_____
        Brooklyn, NY                     HON. STERLING JOHNSON, JR.
                                            Senior United States District Judge